*ML*

RAMIN GHAYOORI )
)
) Case : 1:24-CV-07870
Plaintiff )
v. )
)
TRAVELERS INSURANCE COMPANY, )
TRAVCO INSURANCE COMPANY, ) Hon. Andrea R Wood
ALAN D SCHNITZER, CEO )
)
)
Defendants, )

## AMENDED COMPLAINT

**NOW COMES** the Plaintiff, Ramin Ghayoori, Pro Se, and for his Amended Complaint against the Defendants, Travelers Insurance Company, TravCo Insurance Company, and Alan D. Schnitzer, alleges as follows:

**1. Parties:**

1. Plaintiff, Ramin Ghayoori, is an individual residing in Los Angeles, California, and has been personally involved in managing and overseeing the remodeling and maintenance of the subject property located at One East Schiller Street, Chicago, Illinois.
2. Defendant, Travelers Insurance Company, is a corporation authorized to conduct business in the State of Illinois.
3. Defendant, TravCo Insurance Company, is a subsidiary of Travelers Insurance, authorized to issue insurance policies in Illinois.
4. **Defendant, Alan D. Schnitzer,** is the CEO of Travelers Insurance Company and, upon information and belief, has been personally involved in the matters at issue in this lawsuit. Despite multiple communications from the Plaintiff regarding these issues over several months, Mr. Schnitzer has consistently ignored these concerns. As CEO, he holds the ultimate responsibility for overseeing the company's operations, including its compliance with contractual obligations and industry regulations, and his failure to respond demonstrates a deliberate disregard for the Plaintiff's claims.

## 2. Jurisdiction and Venue:

1. This Court has jurisdiction over the matter pursuant to Illinois law as the events giving rise to this Complaint occurred in Cook County, Illinois, and the property at issue is located within this jurisdiction.
2. Venue is proper in this Court as the property in question and the Defendants' business activities are situated in Cook County, Illinois.

3. Facts:

1. Plaintiff purchased the condominium unit at One East Schiller Street in July 2021 and immediately commenced significant remodeling of the property.
2. Plaintiff was assured by both the previous owner and the building manager that there were no known leaks in the unit, and thus proceeded with confidence.
3. In September 2021, Plaintiff contacted Travelers Insurance and its subsidiary, TravCo Insurance, to report substantial water damage caused by persistent and recurring roof leaks that worsened over time despite the Plaintiff's attempts to mitigate further damage.
4. Plaintiff complied with all instructions from Defendants and submitted multiple claims beginning in September 2021, each time providing detailed evidence of the ongoing water damage.
5. Rather than engaging in a comprehensive and good-faith investigation of Plaintiff's claims, Defendants either denied the claims outright or offered grossly inadequate compensation. These decisions were made based on reasons that were inconsistent with the terms of the insurance policy and in clear violation of applicable Illinois law.
6. Defendants initially refused to conduct any in-person inspection of the property, choosing instead to issue a judgment remotely. This decision was made without any first-hand observation of the extensive damage, which inherently compromised the integrity of the assessment. Such conduct is not only unreasonable but demonstrates Defendants' unwillingness to act in good faith.
7. Further exacerbating this failure, Defendants relied almost exclusively on a report provided by the condominium association— a report that was later proven to contain substantial inaccuracies and misrepresentations. Defendants ignored clear, documented evidence provided by Plaintiff that contradicted the association's report and persisted in their denial of coverage, despite knowing the report's inaccuracies.
8. Defendant Alan D. Schnitzer, despite holding the highest executive position within Travelers Insurance and being directly responsible for overseeing policyholder relations, ignored multiple emails and communications from Plaintiff seeking assistance, clarification, and a fair resolution to his claims. Schnitzer's failure to intervene or even acknowledge Plaintiff's concerns demonstrates a pattern of willful and deliberate disregard for Plaintiff's contractual rights under the policy.
9. As a direct result of Defendants' refusal to honor their contractual obligations and their reliance on faulty information, Plaintiff's condominium unit became uninhabitable. Plaintiff incurred significant financial losses, including ongoing

additional living expenses, and has suffered extreme emotional distress due to Defendants' ongoing bad-faith conduct.
10. In June 2024, Defendants retaliated against Plaintiff by terminating his insurance policy altogether. This termination was executed without cause and appears to have been intended to further punish Plaintiff for his ongoing efforts to secure the compensation he was rightfully owed under the terms of the policy.
11. Defendants' ongoing pattern of negligence, failure to reassess valid claims, refusal to communicate, and eventual policy termination constitutes clear bad faith and a sustained breach of the duty of good faith and fair dealing required under Illinois law.
12. As a result of Defendants' actions, Plaintiff has experienced severe emotional and financial hardship, including significant out-of-pocket costs for repairs, alternative living arrangements, and ongoing mental anguish.

### 4. Legal Claims:

### Count I: Breach of Contract

1. The insurance policy issued by TravCo Insurance Company and Travelers Insurance constitutes a valid and binding contract between the parties.
2. Plaintiff complied with all conditions precedent to recovery under the policy, including providing timely notice of the claims and fully cooperating with Defendants' investigation.
3. Defendants breached the contract by failing to provide the coverage owed under the policy for the damage sustained to Plaintiff's property and by subsequently terminating the policy without just cause.
4. As a direct result of Defendants' breach, Plaintiff has suffered substantial financial losses, including but not limited to repair costs, additional living expenses, and other compensatory damages. The full amount of these damages will be proven at trial.

### Count II: Bad Faith

1. Defendants' actions, including their denial of Plaintiff's claims and subsequent termination of the policy, were taken in bad faith and with reckless disregard for Plaintiff's rights.
2. Defendants knowingly failed to conduct a proper investigation, relied on false or misleading information (i.e., the condominium association's report), and refused to reassess Plaintiff's claims when presented with evidence disproving the association's findings.
3. Defendants' conduct was intended to avoid their obligations under the policy and to unjustly deny Plaintiff the compensation to which he was entitled. This deliberate disregard for Plaintiff's contractual rights and refusal to engage in good faith caused Plaintiff significant financial and emotional harm.
4. Plaintiff is entitled to recover damages, including punitive damages, for Defendants' bad faith actions, which were calculated to evade their contractual obligations and cause Plaintiff undue hardship.

### Count III: Negligent Infliction of Emotional Distress

1. Defendants' negligent handling of Plaintiff's claims, refusal to conduct an in-person investigation, reliance on erroneous information, and wrongful termination of the policy caused Plaintiff severe emotional distress.
2. Plaintiff has suffered emotional harm, including anxiety, mental anguish, and disruption of his daily life, as a direct result of Defendants' negligent actions.
3. Plaintiff continues to experience significant emotional suffering due to the uncertainty surrounding his living conditions, financial security, and ongoing legal battle, all of which stem from Defendants' conduct.

### Count IV: Intentional Infliction of Emotional Distress

1. Defendants' conduct, particularly their refusal to communicate with Plaintiff, reliance on demonstrably false information, and decision to terminate the policy in retaliation, was extreme, outrageous, and intended to cause or recklessly disregarded the probability of causing Plaintiff severe emotional distress.
2. Plaintiff has suffered severe emotional distress, including feelings of helplessness, humiliation, and prolonged emotional turmoil, as a direct result of Defendants' intentional misconduct.

### Count V: Uninhabitable Living Conditions

1. Due to the extensive water damage and Defendants' refusal to cover the necessary repairs, Plaintiff's condominium unit was rendered uninhabitable, forcing Plaintiff to find alternative living arrangements at his own expense. Despite this, Plaintiff continues to pay high HOA fees and mortgage payments without being able to use or rent the property, resulting in significant financial hardship.
2. As a result, Plaintiff has incurred substantial additional living expenses, financial losses, and inconvenience, all of which are directly attributable to Defendants' actions and refusal to fulfill their obligations under the policy.

### 5. Prayer for Relief:

**WHEREFORE**, Plaintiff, Ramin Ghayoori, respectfully prays for judgment against Defendants, Travelers Insurance Company, TravCo Insurance Company, and Alan D. Schnitzer, as follows:

A. Judgment in favor of Plaintiff for breach of contract;
B. Judgment in favor of Plaintiff for bad faith;
C. Judgment in favor of Plaintiff for negligent infliction of emotional distress;
D. Judgment in favor of Plaintiff for intentional infliction of emotional distress;
E. Judgment for damages related to uninhabitable living conditions;
F. Compensatory damages, including but not limited to the cost of repairs, additional living expenses, and other related costs;

G. Punitive damages for Defendants' bad faith and intentional misconduct;
H. Attorney's fees and costs incurred in bringing this action;
I. Pre-judgment and post-judgment interest as allowed by law; and
J. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Oct 14,2024                                  Respectfully Submitted,

**Ramin Ghayoori**                           **Ramin Ghayoori**
**Plaintiff, Pro Se**
**P.O. Box 50203**
**Studio City, CA 91614**
**r4g4h4@gmail.com**

Ramin Ghayoori
P.O. Box 50203
Studio City, CA 91614
October 14, 2024

**Clerk of the Court**
U.S. District Court, Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

**Re:** Submission of Amended Complaint
**Case No.:** 1:24-CV-07870
**Ramin Ghayoori v. Travelers Insurance Company et al.**
Hon. Andrea R. Wood

Dear Clerk of the Court,

I am writing to formally submit the attached **Amended Complaint** for **Case No. 1:24-CV-07870, Ramin Ghayoori v. Travelers Insurance Company et al.**, currently before **Hon. Andrea R. Wood**.

Enclosed, please find the following documents for filing:

1. Amended Complaint
2. Notice of Filing
3. Proof of Service

I confirm that a copy of the Amended Complaint has been served upon counsel for the defendants, **Mr. Thomas B. Orlando**, as indicated in the enclosed Proof of Service.

Please process this filing at your earliest convenience. If there is any additional information or clarification required, feel free to contact me via mail or at my email address, r4g4h4@gmail.com.

Thank you for your attention to this matter.

Respectfully submitted,

**Ramin Ghayoori**
Plaintiff, Pro So





# EVIDENCE OF PROPERTY INSURANCE

**DATE (MM/DD/YYYY):** 06/01/2023

THIS EVIDENCE OF PROPERTY INSURANCE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE ADDITIONAL INTEREST NAMED BELOW. THIS EVIDENCE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS EVIDENCE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE ADDITIONAL INTEREST.

| AGENCY | COMPANY |
|---|---|
| PHONE (A/C, No, Ext): (888) 576-7900 <br> HUNTINGTON INSURANCE INC <br> 37 W BROAD ST 7TH FL <br> COLUMBUS, OH 43215 | TRAVCO INSURANCE COMPANY <br> ONE OF THE TRAVELERS PROPERTY CASUALTY COMPANIES <br> ONE TOWER SQUARE, HARTFORD, CT 06183 |
| FAX (A/C, No): (877) 489-3994   E-MAIL ADDRESS: | |
| CODE: 0XK454   SUB CODE: | |
| AGENCY CUSTOMER ID #: | |

| INSURED | LOAN NUMBER | POLICY NUMBER |
|---|---|---|
| RAMIN GHAYOORI <br> ELLA DEDEGKAEVA <br> 3251 LAUREL CANYON BLVD <br> STUDIO CITY, CA 91604-4131 | 21659 | 609546255 636 1 |
| | **EFFECTIVE DATE** 06/09/2023 | **EXPIRATION DATE** 06/09/2024   ☐ CONTINUED UNTIL TERMINATED IF CHECKED |
| | THIS REPLACES PRIOR EVIDENCE DATED: | |

## PROPERTY INFORMATION

**LOCATION/DESCRIPTION**
1 E SCHILLER ST # W
CHICAGO, IL 60610-2176

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS EVIDENCE OF PROPERTY INSURANCE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

**COVERAGE INFORMATION**   PERILS INSURED ☐ BASIC ☐ BROAD ☐ SPECIAL

| COVERAGE / PERILS / FORMS | AMOUNT OF INSURANCE | DEDUCTIBLE |
|---|---|---|
| Coverage A - Dwelling | $ 281,000 | |
| Coverage C - Personal Property | $ 56,200 | |
| Coverage E - Personal Liability - Bodily Injury and Property Damage (each occurrence) | $ 500,000 | |
| Coverage F - Medical Payments to Others (each person) | $ 10,000 | |
| Property Coverage Deductible (All Perils) | | $ 1,000 |
| TOTAL PREMIUM $1,721.00 | | |

## REMARKS (Including Special Conditions)

Make checks payable to: Travelers Indemnity and affiliates

Mail payments to:   Travelers Personal Insurance
                     PO Box 660307
                     Dallas, TX 75266-0307

SEE ADDITIONAL REMARKS SCHEDULE FOR MORE INFORMATION (ACORD 101)

## CANCELLATION

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

## ADDITIONAL INTEREST

| NAME AND ADDRESS | ☐ ADDITIONAL INSURED   ☒ MORTGAGEE | ☐ LENDER'S LOSS PAYABLE | ☐ LOSS PAYEE |
|---|---|---|---|
| GOLD COAST BANK <br> ISAOA/ATIMA <br> 1165 N CLARK ST STE 200 <br> CHICAGO, IL 60610 | LOAN # 21659 | | |
| | AUTHORIZED REPRESENTATIVE <br> *Katherine R Campbell* | | |

**ACORD 27 (2016/03)**      © 1993-2015 ACORD CORPORATION. All rights reserved.

The ACORD name and logo are registered marks of ACORD

| AGENCY CUSTOMER ID: | |
| --- | --- |
| LOC #: | |

# ADDITIONAL REMARKS SCHEDULE

Page 1 of 1

| AGENCY | NAMED INSURED |
| --- | --- |
| HUNTINGTON INSURANCE INC | RAMIN GHAYOORI |
| **POLICY NUMBER** | ELLA DEDEGKAEVA |
| 609546255 636 1 | 3251 LAUREL CANYON BLVD |
| | STUDIO CITY, CA 91604-4131 |

| CARRIER | NAIC CODE | |
| --- | --- | --- |
| TRAVCO INSURANCE COMPANY | 28188 | EFFECTIVE DATE: 06/09/2023 |

**ADDITIONAL REMARKS**

THIS ADDITIONAL REMARKS FORM IS A SCHEDULE TO ACORD FORM,
FORM NUMBER: ACORD 27 FORM TITLE: EVIDENCE OF PROPERTY INSURANCE

Coverage Level: Travelers Protect PLUS®

Policy Type - Condominium

Optional Coverages and Packages

| Optional Coverages | Endorsement | Limit |
| --- | --- | --- |
| Equipment Breakdown Coverage | HQ-855 CW (05-17) | $50,000 |
| Home-Sharing Host Activities Coverage | HQ-857 CW (11-18) | |

| Optional Packages | Endorsement | Limit |
| --- | --- | --- |
| **Enhanced Water Package** | | |
| Water Back Up and Sump Discharge or Overflow Coverage | HQ-208 CW (08-20) | $10,000 |
| Limited Hidden Water or Steam Seepage or Leakage Coverage | HQ-209 CW (08-18) | $10,000 |
| **Additional Coverage Package** | | |
| Special Personal Property Coverage | HQ-015 CW (02-21) | |
| Personal Injury Coverage | HQ-082 CW (02-19) | |
| Personal Property Replacement Cost Loss Settlement | HQ-290 CW (02-21) | |
| Refrigerated Property Coverage | HQ-498 CW (05-17) | $500 |
| Loss Assessment | Increased Limit | $10,000 |

*Note: The additional cost or premium reduction for any optional coverage or package shown as "Included" is contained in the Total Policy Premium Amount.

ACORD 101 (2008/01)

© 2008 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD



**TRAVELERS**

Ryan Conklin
Claim Director
Naperville, IL
(630) 961-7030
877.414.8051 (fax)

PO Box 650293
Dallas, TX 75265-0293

February 24, 2023

Ramin Ghayoori and Ella Dedegkaeva
1 E Schiller St # W
Chicago, IL 60610

        Named Insured:     Ramin Ghayoori and Ella Dedegkaeva
        Claim No.:           IUY4048
        Insurance Co.:      Travco Insurance Company
        Policy No.:          0XK454-609546255-636-1
        Date of Loss:       9/15/2022
        Location:            1 E Schiller St # W, Chicago, IL 60610

Dear Dr. Ghayoori and Ms. Dedegkaeva,

Dr. Ghayoori's recent email to Alan Schnitzer has been forwarded to me to follow up and respond. Thank you for contacting us regarding the claim you submitted on November 18, 2022, for damages to the roof above your condominium from a September 15, 2022 storm. You stated that the One East Schiller Condominium Association ("the Association") is making repairs to the building roof. In order to make those repairs the roof deck that services your unit must be removed. You advised that the Association informed you that you will be responsible for removing the roof top deck and reinstalling it once the repairs are completed. You have asked that Travco Insurance Company ("Travelers"), which issued a Condominium Insurance Policy to you for the unit, pay for those costs. You have also reported that there was some damage to your unit.

After the claim was reported, Travelers Claim Professional Jami Haasl discussed the intended repairs with the Association's property manager Mary Morrison of Sudler Management as well as engineer Michael J. Locigno, Jr. of Kellermeyer Godfryt Hart P.C. ("KGH"). Ms. Morrison explained that the Association is replacing the roof because it is nearing 20 years in age. Ms. Morrison further explained the building had experienced leaks in the past and after KGH inspected the roof in the fall of 2022 they determined the best option was replacement. Ms. Morrison confirmed that there were no reports of storm-related openings or wind or weather damage to the roof from any singular weather event.

Mr. Locigno opined that the water intrusion above your unit is likely coming from either the area of the electrical box that is on the roof or your unit's skylight assembly. Mr. Locigno sent photos that showed four holes on the roofing membrane of the electrical box and that the cover over this box was displaced. These holes do not appear to be related to any weather event but rather the result of the natural aging and deterioration of the roof membrane. The displacement of the cover also does not appear to be a result of a weather or wind event. Furthermore, even if wind or another singular weather event had damaged the cover or caused the four holes in the membrane

Page 2

above the electrical box, this would not require that the entire roof be replaced, nor that the roof-top deck would have to be removed.

Mr. Locigno also sent photos of the skylight assembly and opined that water could possibly be coming in from a crack in the skylight assembly joint that had previously been sealed but was showing signs of corrosion. He added that there could also be leaking around the fasteners, the openings, and/or metal-to-metal and metal-to-glass joints. None of these potential sources of water intrusion are related to a wind or weather event but are the natural wear and deterioration of the skylight assembly and supporting parts. Even if there was wind and/or weather damage to the skylight assembly, this would not require that the entire roof be replaced, nor that the roof-top deck would have to be removed.

Therefore, based upon the information provided, Travelers must conclude that the roof is being replaced due to its age and wear and tear. As such, there is no covered cause of loss under the policy, and thus the policy does not pay for the removal and re-installation of your unit's roof-top deck. The policy specifically excludes loss caused by wear, tear and deterioration, as Ms. Haasl explained in her January 23, 2023 letter.

We understand that this is not the response you would like but we are applying the terms of your policy. As Ms. Haasl also explained, your policy does cover any ensuing loss to property that is caused by wear, tear or deterioration even though the wear, tear or deterioration itself is not covered. Therefore, Ms. Haasl prepared an estimate for the painting of the affected areas and the replacement of three affected light fixtures in your unit. Ms. Haasl issued a $2,472.00 payment for these damages which is the total replacement cost value of $3,535.18 less recoverable depreciation of $63.18 and less the policy deductible of $1,000.00. Please send her proof of the repairs and she can then issue a supplemental payment for the amount of recoverable depreciation.

Please feel free to contact me if you have any questions or other concerns regarding this matter.

Sincerely,

**TRAVCO INSURANCE COMPANY**

*Ryan Conklin*
Ryan Conklin
Claim Director

 Gmail                                                                                          Ramin Ghayoori <r4g4h4@gmail.com>

# Ramin Ghayoori — Claim Nos. IUY4048, U6Z2593, and I3C4997
5 messages

**Midkiff, Dawn** <DMIDKIFF@travelers.com>                                                  Mon, Feb 19, 2024 at 1:27 PM
To: "r4g4h4@gmail.com" <r4g4h4@gmail.com>
Cc: "Conklin, Ryan P" <RCONKLIN@travelers.com>

Ramin Ghayoori

1 E Schiller Street # W

Chicago, IL 60610

Dear Dr. Ghayoori:

I am writing with regard to your recent emails addressed to Alan Schnitzer and others regarding the above claims. As previously explained, your complaints and related communications are being forwarded to Property Director Ryan Conklin for response. Director Conklin has thoroughly reviewed the claims and provided detailed responses to your inquiries. As Director Conklin has explained, TravCo Insurance Company ("Travelers") reached what it believes is the correct result on each of the claims. Travelers appreciates that you disagree. Director Conklin has invited you to provide any new information or documentation that you may wish to submit. Absent such information or documentation, these decisions will stand.

The unit is in Illinois, and you may file a complaint with the Illinois Department of Insurance. Per Part 919 of the Rules of the Illinois Department of Insurance, you can write to its Consumer Division in Chicago at 122 South Michigan Avenue, 19th Floor, Chicago, IL 60603, or in Springfield at 320 West Washington Street, Springfield, IL 62767. You also have the option of filing litigation against Travelers regarding one or more of your claims. Please note that your policy contains the following Condition in the Special Provisions – Illinois endorsement (HQ-300 IL (02-22)):

> **9. Suit Against Us.** No action can be brought against us unless there has been full compliance with all of the terms under the Property Coverage Section of this policy and the action is started within two years after the date of loss.
>
> This two year period is extended by the number of days between the date proof of loss is submitted and the date the claim is denied in whole or in part.

You have two years from the date of a loss to file suit. So, assuming that each reported date of loss is correct, you must file suit by the following dates:

- Claim No.: IUY4048 (assuming September 15, 2022 date of loss) – file action by September 15, 2024

- Claim No.: U6Z2593 (assuming July 13, 2023 date of loss) – file action by July 13, 2025

- Claim No.: I3C4997 (assuming January 13, 2024 date of loss) – file action by January 13, 2026

Again, if you have any new information you may direct that to Mr. Conklin, who is your point of contact with Travelers for these claims.

Thank you,

**Dawn Midkiff | Senior Counsel | Claim Legal**

**Claim Center General Counselor – Lake Michigan**

215 Shuman Blvd

Naperville, Illinois 60563

W: 630.961.6521   F: 800.356.8606

dmidkiff@travelers.com

**TRAVELERS**

This message (including any attachments) may contain confidential, proprietary, privileged and/or private information. The information is intended to be for the use of the individual or entity designated above. If you are not the intended recipient of this message, please notify the sender immediately, and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by an individual or entity other than the intended recipient is prohibited.

TRVDiscDefault::1201

---

**Ramin Ghayoori** <r4g4h4@gmail.com>                                                    Mon, Feb 19, 2024 at 2:47 PM
To: schnitzer@travelers.com, nicholas_seminara@travelers.com
Cc: "Conklin, Ryan P" <RCONKLIN@travelers.com>, DMIDKIFF@travelers.com
Bcc: Ramin Ghayoori <r4g4h4@gmail.com>

Dear Mr. Schnitzer,

I hope this message finds you well. I am writing to express my concerns regarding the handling of my recent complaints by Travelers, specifically addressing the tone and approach of communications from your legal representative. These communications have felt unnecessarily aggressive and intimidating, which strikes me as unprofessional and verges on harassment. Such tactics not only undermine the professional dialogue I expected from Travelers but also compel

me to consider reporting this conduct to the Attorney Registration and Disciplinary Commission (ARDC) and the Office of the Attorney General.

Please understand, my intention is not to escalate matters without just cause. I am seeking a fair and equitable review of my claims, expecting interactions that are devoid of any motive to harass or bully. Unfortunately, the approach currently adopted has left me feeling marginalized—a sentiment that I find surprising, given Travelers' reputation as an industry leader.

It is unclear to me whether the attorney in question is acting upon instructions from your office, but I earnestly urge you to review this matter closely. For example, in several instances, the language used in correspondence lacked the professional courtesy and respect that I had anticipated, and at times, responses seemed designed more to intimidate than to inform or resolve.

My objective is simple: I seek constructive engagement that reflects the professionalism and respect characteristic of Travelers. Without a shift towards this form of engagement, I feel compelled to bring this issue to the attention of the relevant board members and other professional and regulatory bodies within the next five business days.

I am keen to resolve these issues amicably and believe that your personal intervention could pave the way for a more balanced and fair discourse. I remain open to discussing this matter in greater detail, should you find it beneficial. I am hopeful for a resolution that allows us to navigate through this disagreement with the professionalism and fairness it warrants.

I thank you in advance for your understanding and prompt attention to this matter. I look forward to your response within the next 5 business days, hopeful for a positive and constructive resolution.

Warm regards,

Ramin Ghayoori

[Quoted text hidden]

---

**Ramin Ghayoori** <r4g4h4@gmail.com>                                              Mon, Feb 19, 2024 at 6:11 PM
To: "Midkiff, Dawn" <DMIDKIFF@travelers.com>
Cc: nicholas_seminara@travelers.com, schnitzer@travelers.com, "Conklin, Ryan P" <RCONKLIN@travelers.com>
Bcc: Ramin Ghayoori <r4g4h4@gmail.com>

Dear Ms.Midkiff, I've provided all necessary documents for my claims and request a fair reevaluation. Decisions seem influenced by external interests, not just the merits. Further unconstructive communication will necessitate reporting to the ARDC. I seek a resolution based on integrity and fairness. Best,
Ramin Ghayoori.
[Quoted text hidden]

---

**Midkiff, Dawn** <DMIDKIFF@travelers.com>                                         Tue, Feb 20, 2024 at 2:22 PM
To: "r4g4h4@gmail.com" <r4g4h4@gmail.com>
Cc: "Conklin, Ryan P" <RCONKLIN@travelers.com>

Dr. Ghayoori

As you have been advised, any questions or comments regarding your claim(s) should be addressed to Director Ryan Conklin. Travelers employees have complied with all applicable laws and regulations, and I have previously provided you with the contact information for the Illinois Department of Insurance, which is charged with the responsibility to administer and enforce the Illinois Insurance Code. Your recent emails have also referenced the Illinois Attorney Registration and Disciplinary Commission ("ARDC"), which operates under the authority of the sole authority to regulate the discipline of lawyers in Illinois – the Illinois Supreme Court. You may contact the ARDC at its Chicago Office at One Prudential Plaza, 130 East Randolph Drive, Suite 1500, Chicago, IL 60601-6219 (phone (312) 565-2600; main fax (312) 565-2320; and email information@iardc.org) or its Springfield office at 3161 West White Oaks Drive, Suite 301, Springfield, IL 62704 (phone (217) 546-3523, fax (217) 546-3785, and email information@iardc.org).

Thank you,

**Dawn Midkiff | Senior Counsel | Claim Legal**

**Claim Center General Counselor – Lake Michigan**

Travelers

215 Shuman Blvd

Naperville, Illinois 60563

W: 630.961.6521   F: 800.356.8606

dmidkiff@travelers.com

**TRAVELERS**

**From:** Ramin Ghayoori <r4g4h4@gmail.com>
**Sent:** Monday, February 19, 2024 8:11 PM
**To:** Midkiff, Dawn <DMIDKIFF@travelers.com>
**Cc:** Seminara, Nick <NSEMINAR@travelers.com>; Schnitzer, Alan D <SCHNITZER@travelers.com>; Conklin, Ryan P <RCONKLIN@travelers.com>
**Subject:** [External] Re: Ramin Ghayoori – Claim Nos. IUY4048, U6Z2593, and I3C4997

> **CAUTION: This email came from outside of the company.**
> Please exercise caution when opening attachments, clicking links or responding to this email. The original sender of this email is r4g4h4@gmail.com.

[Quoted text hidden]

---

**Ramin Ghayoori** <r4g4h4@gmail.com>                                    Tue, Feb 20, 2024 at 2:37 PM
To: "Midkiff, Dawn" <DMIDKIFF@travelers.com>, schnitzer@travelers.com, nicholas_seminara@travelers.com
Cc: "Conklin, Ryan P" <RCONKLIN@travelers.com>
Bcc: Ramin Ghayoori <r4g4h4@gmail.com>

Dear Ms.Midkiff,

Thank you for providing the contact information for the Illinois Attorney Registration and Disciplinary Commission (ARDC). I appreciate your effort to ensure that I have the necessary details to proceed appropriately. Please note that I already possess this information and plan to utilize it as deemed suitable.

Furthermore, I wish to clarify that my communications are intended directly for Mr. Schnitzer's attention. It is not my wish to impose any unsolicited duties upon you, nor to engage in correspondence that falls outside the scope of my direct dealings with Mr. Schnitzer.

In light of our recent exchanges, I kindly request the cessation of communications that could be perceived as overreaching or unwelcome. Let us maintain a professional demeanor and focus on the matters at hand, respecting each other's roles and boundaries in this process.

Thank you for your understanding and cooperation.

Sincerely,

Ramin Ghayoori
[Quoted text hidden]

# NOTICE OF NONRENEWAL



**TravCo Insurance Company**

| AGENT/CASE | ISSUE DATE | OFFICE |
|---|---|---|
| HUNTINGTON INSURANCE INC | 5/3/2024 | 413 |

| EFFECTIVE DATE OF EXPIRATION | POLICY IDENTIFICATION NO. | |
|---|---|---|
| | PRODUCER'S CODE | POLICY IDENTIFICATION N |
| 06/09/24 | 0XK454 | 609546255 636 |

**NAMED INSURED**

RAMIN GHAYOORI
ELLA DEDEGKAEVA
3251 LAUREL CANYON BLVD
STUDIO CITY, CA 91604-4131

**MORTGAGEE**

LOCATION OF PROPERTY: *(if other than address of Named Insured shown above)*

1 E SCHILLER ST # W
CHICAGO, IL 60610-2176

We wish to inform you that your **Homeowners** policy designated above will not be renewed at the expiration of its current policy term. Your policy will nonrenew on the effective date of expiration indicated above at the hour on which the policy became effective. If you ha any questions regarding this notice, please contact your agent or insurance representative.

REASON FOR THIS ACTION

**We are nonrenewing your policy due to the loss(es) as described below:**

| Date of Loss | Cause of Loss |
|---|---|
| 07/13/23 | WATER DAMAGE-WEATHER |
| 09/15/22 | WATER DAMAGE-WEATHER |
| 01/13/24 | WATER DAMAGE-WEATHER |



ADDITIONAL INFORMATION REGARDING THE REASON(S) FOR NONRENEWAL

You have a right to a written statement containing the specific items of information that support the reasons for our action and the names addresses of institutional sources and insurance support organizations that supplied the items of information.

In addition, you have a right to see and obtain a copy of all recorded information which we used to take this action or to be told the nature substance of that information after properly identifying yourself.

You must make a written request within 90 days of the date of this notice to exercise these rights.

If you disagree with the accuracy of the recorded information used to take this action, you have the right to request in writing an amendm a correction, or a deletion of the recorded information in dispute. If we refuse your request, you have the right to file a statement containi supplemental information or explaining why you disagree. We will put your statement in our file so that anyone reviewing your file will it.

**THIS NOTICE IS GIVEN ONLY BY THE COMPANY WHICH ISSUED THE POLICY.**

PL-4202   Rev. 11-14                     **INSURED'S COPY**

EXPECTED DELIVERY DAY: 10/19/24

USPS TRACKING® #

9505 5152 6881 4291 4411 21

**Retail**

U.S. POSTAGE PAID
PM
STUDIO CITY, CA 91604
OCT 17, 2024



60604

**$10.45**

RDC 03    0 Lb 4.60 Oz    S2324K505081-21

---



THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**PRIORITY MAIL**

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

**FROM:**

Ramin Ghayoori
PO Box 50203
Studio city CA
91614

**TO:**

Clerk of Court
US. District Court.
Northern District of
ILLINOIS
219 South Dearborn St.
Chicago IL 60604

Label 228, December 2023        FOR DOMESTIC AND INTERNATIONAL USE