**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ELLA AND RAMIN LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24-cv-07870 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| TRAVELERS INSURANCE | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants' motion to dismiss Counts II–V of the amended complaint [20] is granted in part and denied in part. Counts III and IV are dismissed without prejudice; Count V is dismissed with prejudice. Count II survives but will be treated as arising under Section 155 of the Illinois Insurance Code. If he wishes, Plaintiff has until 4/21/2026, to file a motion for leave to file a second amended complaint that remedies the deficiencies in the claims dismissed without prejudice. Defendants Alan D. Schnitzer and Travelers Insurance Company are dismissed as defendants with prejudice. Plaintiff's motion for leave to file a sur-reply [25] is granted. The Court understands Plaintiff's motion for leave to file a sur-reply [25] to be the sur-reply because it includes the arguments that he seeks to make. To the extent that Plaintiff seeks to file another document, no further submissions are necessary. The Court took the sur-reply [25] and cited authority [50-1], as well as Defendants' response [52], into account. Plaintiff's motion for Rule 11 sanctions [30] is denied. See the accompanying Statement for details.

## STATEMENT

The present motions relate to a dispute between Plaintiff Ramin Ghayoori, owner of a condo unit in Chicago, and his insurer, Defendant TravCo Insurance Company ("TravCo"). After the property was damaged by water leaking from the roof, Ghayoori submitted several claims to TravCo. He initiated this action because he was dissatisfied with TravCo's response to his claims, denying some and offering what Ghayoori felt was insufficient compensation for others. In addition to TravCo, he named Travelers Insurance Company, which he asserts is TravCo's parent company, and Alan Schnitzer, who he asserts is the CEO of that parent company, as Defendants. Now before the Court are Defendants' partial motion to dismiss the Amended Complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as Ghayoori's motion for sanctions pursuant to Federal Rule of Civil Procedure 11(c).

## I.     Background

For purposes of the motion to dismiss, the Court accepts as true all well-pleaded facts in the Amended Complaint and views those facts in the light most favorable to Ghayoori as the non-moving party. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

The allegations of the Amended Complaint can be summarized quickly. In September 2021, Ghayoori contacted TravCo to report substantial water damage caused by recurring roof leaks at the Chicago condo he owned. (Am. Compl. ¶ 3.3, Dkt. No. 14.) Beginning in September 2021, Ghayoori submitted multiple claims and complied with all TravCo's instructions. (*Id.* ¶ 3.4.) The claims were accompanied by detailed evidence of ongoing water damage. (*Id.*) However, TravCo either denied the claims outright or offered inadequate compensation. (*Id.* ¶ 3.5.) TravCo issued a judgment remotely and did not initially conduct any in-person inspection of the property. (*Id.* ¶ 3.6.) Moreover, TravCo relied on a report from the condo association that was later shown to be inaccurate. (*Id.* ¶ 3.7.) Ghayoori alleges that TravCo ignored clear evidence, which he provided to TravCo, that contradicted the association's report. (*Id.*) He also alleges that TravCo failed to reassess his claims. (*Id.* ¶ 3.11.) Meanwhile, Schnitzer, purportedly CEO of TravCo's parent company, ignored multiple emails from Ghayoori seeking assistance and a fair resolution of his claims. (*Id.* ¶ 3.8.) Ghayoori's property eventually became uninhabitable, causing him significant financial loss and emotional distress. (*Id.* ¶ 3.9.) Finally, in June 2024, TravCo terminated his insurance policy. (*Id.* ¶ 3.10.)

As a result of these events, Ghayoori initiated the present action, initially asserting claims against Travelers Insurance Company and Schnitzer, and later amending his complaint to include TravCo as a defendant. The Amended Complaint raises five common law claims in separate counts. Count I alleges breach of contract, Count II alleges bad faith, Count III alleges negligent infliction of emotional distress ("NIED"), Count IV alleges intentional infliction of emotional distress ("IIED"), and Count V alleges uninhabitable living conditions. Now, TravCo and Schnitzer move to dismiss Counts II–V for failure to state a claim. (Dkt. No. 20.) Moreover, Defendants argue that Schnitzer and Travelers Insurance Company are not proper defendants and must be dismissed.

## II.     Discussion

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Defendants here move to dismiss Counts II–V of the Amended Complaint, that is, all Ghayoori's tort claims. They argue that Ghayoori fails to state a claim for any of the asserted torts, and that all Ghayoori's theories are either preempted by Section 155 of the Illinois Insurance Code or duplicative of his breach of contract claim in Count I.

2

### A. Count II – "Bad Faith"

The Court begins with Count II. Defendants contend that Count II must be dismissed because "bad faith" is not an independent tort in Illinois. That is correct. However, Ghayoori has alleged facts sufficient to state a claim under Section 155 of the Illinois Insurance Code, 215 ILCS 5/155. The Court therefore treats the allegations as raising a claim under that statute. Section 155 "provides an extracontractual remedy to policyholders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable." *Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 900 (Ill. 1996). Plaintiffs may also recover for an insurer's unreasonable and vexatious delay in payment. *Id.* at 899. "[S]ection 155 does not preempt a separate and independent tort action involving insurer misconduct." *Id.* at 900. However, the Illinois Supreme Court has clearly held "that the tort of bad faith is not a separate and independent tort action that is recognized in Illinois." *Id.*

Here, Ghayoori alleges that TravCo failed to investigate his claims adequately, relied on inaccurate information provided by the condo association, and denied some claims while undercompensating him for others. In doing so, Ghayoori merely alleges "bad faith or unreasonable and vexatious conduct, without more." *Id.* at 904. The allegations do not constitute a separate tort. But such allegations are exactly what Section 155 covers. *See 2 Lemoyne Parkway Condo. Ass'n v. Travelers Cas. Ins. Co. of Am.*, No. 23-CV-2130, 2024 WL 22234, at *3 (N.D. Ill. Jan. 2, 2024) ("For example, if Plaintiff is correct that Travelers did not adequately investigate the claim and failed to objectively evaluate the claim, such actions could constitute vexatious and unreasonable behavior."). And because pleadings in federal court are not required to allege specific "legal theories," so long as they provide fair notice, *Hefferman v. Bass*, 467 F.3d 596, 600 (7th Cir. 2006), Ghayoori is free to seek attorneys' fees or statutory damages for violation of Section 155 based on the conduct he ascribes to TravCo.

### B. Counts III and IV – Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress

While NIED and IIED are independent torts that are not preempted by Section 155, *Cramer*, 675 N.E.2d at 900, Ghayoori fails to allege facts sufficient to state either type of claim. Beginning with NIED, Illinois recognizes both "bystander" and "direct victim" claims of NIED. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 702 (7th Cir. 2009). Ghayoori's claim is necessarily one brought as a direct victim. *See id.* at 703 (explaining the difference between the two theories of liability). However, Illinois "precedent makes clear that a direct victim's claims for negligent infliction of emotional distress must include an allegation of contemporaneous physical injury or impact." *Schweihs v. Chase Home Fin., LLC*, 77 N.E.3d 50, 59 (Ill. 2016); *see also Lewis*, 561 F.3d at 703 ("Under the impact rule, a direct victim may not recover for emotional distress suffered as a result of the defendant's alleged negligence unless the emotional distress was accompanied by a contemporaneous physical injury to or impact on the plaintiff." (internal quotation marks omitted)). Ghayoori does not allege any physical injury or impact—a deficiency that is fatal to his NIED claim.

While an insurer's conduct can form the basis for an IIED claim, "the standard required to allege a claim for IIED [in Illinois] is very high." *Evans v. Vocamotive, Inc.*, No. 11 C 8197, 2012 WL 4120476, at *3 (N.D. Ill. Sept. 18, 2012).

3

> First, the conduct involved must be truly extreme and outrageous. Second, the actor must either intend that his conduct inflict severe emotional distress or know that there is at least a high probability that his conduct will cause severe emotional distress. Third, the conduct must in fact cause severe emotional distress.

*Schweihs*, 77 N.E.3d at 63. A defendant may only be found liable when "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (internal quotation marks omitted). Even accepted as true, the conduct alleged by Ghayoori does not provide a plausible basis to find that TravCo or Schnitzer acted in an extreme and outrageous manner. TravCo's denial, or underpayment, of claims, alleged failure to investigate, and reliance on allegedly false information does not meaningfully depart from a basic breach of contract claim. In the Court's view, such alleged conduct does not even reach the level of "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.* And if it did, that still is not enough to support a claim for IIED. *Id.*

Ghayoori also asserts that TravCo terminated his policy to retaliate against him for seeking compensation. Setting aside the conclusory nature of this allegation, retaliation (even unfair retaliation) does not automatically constitute extreme and outrageous conduct. *See Ulm v. Mem'l Med. Ctr.*, 964 N.E.2d 632, 643 (Ill. App. Ct. 2012) (holding at the summary judgment stage that an employer's retaliation against an employee who refused to engage in criminal activity was not extreme and outrageous). And Schnitzer's refusal to respond to Ghayoori's emails cannot be called "utterly intolerable in a civilized community." *Schweihs*, 77 N.E.3d at 63. While Ghayoori's allegations are entirely conclusory on the second and third elements of the tort (intent and severity), his IIED claim fails at the first step. Accordingly, both the NIED and IIED claims must be dismissed.

### C. Count V – Uninhabitable Living Conditions

Finally, Count V purports to be a claim for "uninhabitable living conditions." Because Ghayoori concedes that there is no such standalone tort and clarifies that he simply seeks consequential damages arising from Defendants' breach of contract, Count V is dismissed. The issue of what types of damages are appropriate is not before the Court at this stage, so the Court need not address it further.

### D. Claims Against Defendants Travelers Insurance Company and Schnitzer

In addition to the tort claims, Defendants seek dismissal of Travelers Insurance Company and Schnitzer as defendants. Travelers Insurance Company was named in Ghayoori's initial complaint, and Ghayoori did not remove it when he added TravCo as a defendant in the Amended Complaint. Defendants contend that Travelers Insurance Company does not exist. Rather, TravCo is a subsidiary of The Travelers Companies, Inc., a holding company for multiple insurance companies. Despite spending pages on the topic, Ghayoori does not squarely respond to the

4

argument that Travelers Insurance Company does not exist as a legal entity. In fact, to some extent, he appears to concede that it might not.[1]

Whether Travelers Insurance Company is or is not a separate legal entity is ultimately of no consequence. It is clear from the attachments to Ghayoori's Amended Complaint that TravCo was the insurer that issued the policy in question. (Evid. of Prop. Ins., Dkt. No. 14 (listing "Travco Insurance Company" as the company that issued the policy); Letter dated Feb. 24, 2023, Dkt. No. 14 (naming "Travco Insurance Company" as the insurance company).) Thus, Ghayoori's own filing shows that TravCo is the proper corporate defendant in this case. *See Main Bank of Chi. v. Baker*, 427 N.E.2d 94, 101 (Ill. 1981) ("It is a well-established principle that a corporation is separate and distinct as a legal entity from its shareholders, directors and officers and, generally, from other corporations with which it may be affiliated."). None of the allegations in the Amended Complaint suggest a plausible basis for maintaining Travelers Insurance Company as a defendant. It did not issue the insurance policy and, based on the Amended Complaint, the company that issued the policy (TravCo) is responsible for the wrongdoing alleged. The Court is unsure why Ghayoori is so intent on keeping Travelers Insurance Company as a named Defendant, given that TravCo has appeared, has answered Count I of the Amended Complaint, and can likely provide all requested relief. Regardless, Travelers Insurance Company is dismissed as a defendant.

Defendant Schnitzer is alleged to be the CEO of Travelers Insurance Company. Assuming that is true, he still must be dismissed as a defendant. Schnitzer is not a party to the insurance policy and thus cannot be held liable for any breach of contract. *La. Firefighters' Ret. Sys. v. N. Tr. Invs., N.A.*, No. 09 C 7203, 2012 WL 601861, at *4 (N.D. Ill. Feb. 23, 2012) ("It is axiomatic that non-parties to a contract are not liable for its breach."). Section 155 also does not apply to Schnitzer because the statute "presupposes" a breach of contract "action on the policy." *Cramer*, 675 N.E.2d at 902. And the Court has dismissed all the tort claims asserted by Ghayoori. As a result, there is no longer a theory under which Schnitzer can be held liable. Moreover, Ghayoori does not allege, and it is unlikely that he could allege, facts supporting even the most basic element of a negligence claim: a duty owed by the defendant to the plaintiff. *See Lewis*, 561 F.3d at 702 (providing elements of a negligence claim). Schnitzer is not a proper defendant and must be dismissed.

### E.      Defendants' Motion for Sanctions

As a final matter, Ghayoori has moved for sanctions against Defendants' counsel, pursuant to Federal Rule of Civil Procedure 11(c). (Dkt. No. 30.) The motion is based on a sentence in Defendants' reply brief identifying legal errors in Ghayoori's response brief and suggesting that they were caused by Ghayoori's use of generative artificial intelligence ("AI"). Ghayoori's motion is frivolous and therefore denied. Use of AI is not prohibited by this Court's (or this Circuit's) rules. *See Jones v. Kankakee Cnty. Sheriff's Dep't*, 164 F.4th 967, 970 (7th Cir. 2026) ("[M]indful that before today's decision we have not supplied any guidance on the use of AI by pro se litigants, we stop short of imposing any form of sanction on [the pro se plaintiff].").

---

[1] Ghayoori states: "TravCo Insurance Company is wholly owned by Travelers Property Casualty Corp., which is itself part of the broader Travelers Companies, Inc. corporate family." (Pl.'s Resp. to Defs.' Mot. to Dismiss § II.C, Dkt. No. 21.)

However, "all litigants—represented and unrepresented—must read their filings and take reasonable care to avoid misrepresentations, factual and legal." *Id.*

Ghayoori readily admits that he used AI to prepare his filings. But he also asserts that he took care to avoid any legal misrepresentations. Nonetheless, he does repeatedly misrepresent the law in his briefs and does not explain why or how those misrepresentations occurred.[2] Since Ghayoori is the party that has moved for sanctions, not Defendants, the Court will not spend more time on his use of AI. It is enough to say that Defendants' counsel plainly had a good-faith basis to call the Court's attention to potential mistakes or misrepresentations of the law. As officers of the Court, attorneys are in fact obligated to raise such mistakes when necessary. Doing so is certainly not sanctionable. Ghayoori's motion is therefore denied.

### III.    Conclusion

For the foregoing reasons, Defendants motion to dismiss Counts II–V of the Amended Complaint (Dkt. No. 20) is granted as to Counts III, IV, and V. Counts III and IV are dismissed without prejudice. Count II is not dismissed but will be treated as asserting cause of action pursuant to Section 155 of the Illinois Insurance Code, 215 ILCS 5/155. If Ghayoori believes he can remedy the deficiencies in the claims dismissed without prejudice, he may file a motion by April 21, 2026, seeking leave to file a second amended complaint. In addition, Defendants Travelers Insurance Company and Schnitzer are dismissed with prejudice, as they are not proper parties. Ghayoori's motion for leave to file a sur-reply (Dkt. No. 25) is granted. And Ghayoori's motion for sanctions (Dkt. No. 30) is denied.

Dated:  March 31, 2026

Andrea R. Wood
United States District Judge

---

[2] Few of the cases Ghayoori cites support the proposition for which he cites them. In some instances, he cites cases that are completely unrelated to the proposition. For example, he cites *Harris v. One Hope United, Inc.*, 28 N.E.3d 804 (Ill. 2015), for the proposition that corporate subsidiaries and their parent entities may be treated as a single legal entity, even though the case considers whether Illinois should recognize a new discovery privilege and has nothing to do with corporate law. A more egregious example is Ghayoori's repeated citation to *Heritage Common Partners v. Village of Summit*. The two reporter citations he provides indicate that the case is an Illinois state court opinion from 2009. However, neither of the two parallel citations lead to a case by that name. Indeed, the Court could not identify any Illinois case with that case name. The Court did find two reported ***federal*** opinions with the same case name, one from this District and the other from the Seventh Circuit. However, those opinions are from 1990 and 1991 respectively, not 2009. And neither relates to the proposition for which Ghayoori cites the case or the subject matter of this case.