**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ELLA AND RAMIN LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      Case No. 1:24-cv-7870 |
| | ) |
| TRAVELERS INSURANCE COMPANY and | ) |
| ALAN D. SCHNITZER, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO REDESIGNATE PLAINTIFF'S "JOINT" STATUS REPORT AND PROPOSED DISCOVERY PLAN**

NOW COME Defendants, TRAVCO INSURANCE COMPANY, incorrectly sued as TRAVELERS INSURANCE COMPANY ("Travelers"), and ALAN D. SCHNITZER ("Schnitzer"), by and through their attorneys, and for their Motion to Redesignate the "Joint" Status Report and Proposed Discovery Plan (Dkt. No. 53) of Plaintiff, RAMIN GHAYOORI ("Ghayoori"), state as follows:

1. On February 24, the Court ordered the parties to file a joint status report and proposed discovery schedule by March 31. (Dkt. No. 51).

2. On February 26, Ghayoori emailed Defendants' counsel, Thomas Orlando ("Orlando"), attaching a proposed draft of the Joint Status Report and Proposed Discovery Plan stating that if he "do[es] not receive a substantive response by March 15, 2026, I intend to file the report by the Court's deadline with a notation that this meet-and-confer correspondence was transmitted to Defendants on today's date and that Defendants did not respond despite adequate opportunity to do so." (See Exhibit A attached hereto).

3. On Sunday, March 15, Ghayoori emailed Orlando that he intended to file the report on or before March 28. (Ex. A).

4. Orlando responded on March 15 that he would provide "comments by the end of the week, which will still be 11 days before the March 31 deadline." (Ex. A).

5. On March 20, Orlando emailed Ghayoori a redlined response to Ghayoori's proposed report (Exhibits A and B).

6. Ghayoori responded the same day with a lengthy email. (Ex. A). Orlando suggested that he and Ghayoori speak on the phone, which they did on March 21. During the call, Ghayoori stated that he would consider Defendants' proposed revisions. Orlando stated that if there were areas of disagreement, each party could write a separate paragraph of their position within the joint report.

7. After the call, Orlando emailed Ghayoori another redlined version which made one change from Orlando's earlier version. (Ex. A).

8. Ghayoori responded:

> This email confirms our telephone conference held today, March 21, 2026, pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.1, and the Court's Minute Entry of February 24, 2026 [Dkt. No. 51].
>
> Plaintiff listened to Defendants' positions regarding each disputed item and will review the points raised. Plaintiff will provide a written response to both the call and Defendants' revised proposed report on or before March 23, 2026.
>
> No agreements were reached during the conference. Plaintiff intends to file the Joint Status Report on or before March 28, 2026.

(Ex. A).

9. Orlando responded that he "looked forward to your response" and reminded Ghayoori that he was "not authorized to file a 'joint' status report with the Court without my authorization." (Ex. A.).

2

10.     Ghayoori responded on the same day that he disagreed with all but one of Orlando's revisions and that he would file his proposed report with the one agreed change on or before March 28.  (Ex. A).

11.     Ghayoori stated that he was willing to include only a statement from Defendant on Section VII.C if it was received on or before March 26.  (Ex. A).

12.     Ghayoori filed his "Joint" report on March 26, five days before the report was due and before Orlando had an opportunity to present Defendants' positions to Ghayoori for inclusion in the report.

13.     Ghayoori nevertheless saw fit to file the "joint" report with his commentary on Defendants' positions instead of allowing Defendants an opportunity to state their own positions within the report, and his "joint" report comments on language that Orlando provided to him in the redlined version of the report but does not present the language to the Court.

14.     Ghayoori even requests sanctions against Defendants in his "joint" report, and, acting as judge, informs the Court that "the deadline has now passed" for Defendants to provide their positions despite the fact that the report is not due until March 31.

15.     The "Joint" report is many things, but joint it is not.

16.     At this juncture, Defendants choose not to respond chapter and verse to Ghayoori's commentary on their positions as doing so will not advance the limited task the Court charged the parties to complete—the submission of a status report and proposed discovery schedule.  Defendants will, of course, make any filings the Court may request on any of the issues presented in Ghayoori's report.

17.     Instead, Defendants request that the docket reflect that the report Ghayoori filed is not "joint" so that there is no confusion on the record.  Among other things, Defendants do not agree with Ghayoori's one-sided presentation to the Court on the issues and the plan, do not

3

agree that he has met either the spirit or the substance of the meet and confer process, and do not agree to be sanctioned.

18.     In the meantime, and for the convenience of the Court, Defendants have separately filed their own status report and proposed discovery schedule which contains those limited matters on which the parties agree and which sets out the parties' competing proposed discovery schedules.

WHEREFORE, Defendants, TRAVCO INSURANCE COMPANY, incorrectly sued as TRAVELERS INSURANCE COMPANY, and ALAN D. SCHNITZER, pray for the entry of an order redesignating the "Joint" Status Report and Proposed Discovery Plan (Dkt. No. 53) of Plaintiff, ELLA AND RAMIN LLC, and granting such other and further relief as is deemed just and proper.

Respectfully submitted,

/s/ Thomas B. Orlando
Thomas B. Orlando
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
222 N. LaSalle Street, Suite 1400
Chicago, IL 60601
312-863-5000
torlando@fgppr.com

Attorneys for Defendants,
TRAVCO INSURANCE COMPANY, incorrectly
sued as TRAVELERS INSURANCE COMPANY,
and ALAN D. SCHNITZER

4

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a copy of the above document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 31st day of March 2026.

       **<u>Pro Se</u>**
Dr. Ramin Ghayoori
Ella and Ramin, LLC
r4g4h4@gmail.com


       /s/ Thomas B. Orlando
       Thomas B. Orlando
       FORAN GLENNON PALANDECH
       PONZI & RUDLOFF PC
       222 N. LaSalle Street, Suite 1400
       Chicago, IL 60601
       312-863-5000
       torlando@fgppr.com